UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BARNEY PERRY,                    )
                                 )
            Plaintiff            )
                                 )        No. 3:13-0227
v.                               )        Judge Sharp/Brown
                                 )
ATV MUSIC, Inc., Ltd;            )
JEFF SMARR, Executive,           )
                                 )
            Defendants           )

**TO: THE HONORABLE KEVIN H. SHARP**

**REPORT AND RECOMMENDATION**

Presently pending is the Defendants' motion to dismiss
the Plaintiff's claim under Federal Rule of Civil Procedure
12(b)(6)[1] for failure to state a claim upon which relief can be
granted (Docket Entry 36). This motion is supported by a memorandum
of law (Docket Entry 37). The time for a response has long since
passed and Plaintiff has failed to respond to this motion.

The Magistrate Judge recommends that the motion be
GRANTED and this case be DISMISSED with prejudice.

**BACKGROUND**

The amended complaint, which now governs this case, was
filed on July 2, 2013 (Docket Entry 32). The named Defendants are
Sony/ATV Music, Inc., Jeff Smarr-Executive. The Plaintiff alleges
copyright ownership of the songs "Walking in Rhythm" and "A Hot Day

---

[1]Although the Defendants contend that Plaintiffs did not name the
proper parties and did not affect service of process in accordance with
Rule 4, they have accepted service of process in the matter and will rely
on their motion to dismiss for failure to state a cause of action rather
than other grounds.

Today." The Plaintiff alleges that the Defendants are using these songs without his permission as the copyright owner. He further alleges that they did not send the Plaintiff a compulsory license in order to establish their legal use of his copyright property. He alleges that the Defendants have refused to pay the Plaintiff according to the Plaintiff's requests for payment and accounting.

The Defendants in their memorandum note that the Plaintiff has not alleged that any of the copyright infringement occurred within the three-year statute of limitations set by 17 U.S.C. § 507(b). The Defendants in their motion have set forth the procedural history of the case, which began on March 14, 2013, when the Plaintiff and Perryal Music Company, Inc. filed the original complaint (Docket Entry 1).

As an initial matter the Plaintiff proceeding *pro se* could not file a lawsuit on behalf of a company. There were a number of difficulties with the original complaint and the attempted service of process. The Magistrate Judge conducted a telephone conference on June 27, 2013, with the parties about the matter in an effort to sort out the case at that point. In an order as a result of that telephone conference (Docket Entry 30), the Plaintiff was allowed to file an amended complaint that would name Sony/ATV as the Defendant and would not name Mr. Smarr, since Mr. Smarr is an executive and not an actual distributor of materials. The Magistrate Judge suggested that Mr. Perry include with his complaint copies of his copyrights to the two songs and such

information that he has that Sony/ATV has within the statute of limitations used the material without either obtaining the proper license or paying the required royalties. Defendants' counsel agreed to accept service of process by certified mail.

The Plaintiff's amended complaint still included Mr. Smarr as a Defendant. The Plaintiff failed to respond to this motion and it appears that certified mail sent to him at that address was returned as unclaimed. The unclaimed mail which contained the Magistrate Judge's order was also sent by regular mail and that was not returned.

LEGAL DISCUSSION

As the Defendants point out in their memorandum, under Bell *Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 868 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009):

> Only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will [] be a context specific task that requires the reviewing court to draw on its judicial experience and common sense.

*Iqbal* at 4, 556 U.S. 662 (internal citations omitted).

The Defendants are correct that under the Copyright Act no civil action shall be maintained under the provisions of that act unless it is commenced within three years after the claim accrued. 17 U.S.C. § 507(b). They argue the Plaintiff has asserted no facts that allege any activities that were within the three years prior to Plaintiff brining this lawsuit.

The Magistrate Judge has reviewed the complaint and must agree that there is no specific allegation of infringement within the three years. The materials that Plaintiff has attached to his complaint date back to the 1970s and many of the documents involve lawsuits filed in 1996 and 1997. It does appear that the most recent document, other than a letter Plaintiff sent to counsel for a defendant in another case, is from 2001 (Docket Entry 32-1, p. 8). None of the documents appear to name Sony/ATV Music Publishing on Mr. Smarr.

The Plaintiff, in view of the motion to dismiss under Rule 15, had a right to amend his complaint within 21 days to attempt to correct the alleged statute of limitations deficiencies. Unfortunately, the Plaintiff failed to amend his complaint to make specific allegations of acts within the statute of limitations, or to even respond to the motion.

The Defendants further argue that the Plaintiff is not entitled to punitive damages under the Copyright Act and cite the statute and cases so interpreted. In view of the Magistrate Judge's recommendation that the Plaintiff fails on the statute of limitations issue, the Magistrate Judge will not address the punitive damage aspect of this case.

The statute of limitations is an affirmative defense and the mere fact that the Plaintiff failed to adequately allege activity within the statute of limitations in his amended complaint would not be fatal in the absence of a motion to dismiss on those

grounds. Unfortunately for the Plaintiff's case there is a specific allegation of a failure to meet the statute of limitations and the Plaintiff has failed to either further amend his complaint or to respond. Under these circumstances the Magistrate Judge believes that the Defendants are entitled to a dismissal of the complaint with prejudice.

**RECOMMENDATION**

For the reasons stated above, the Magistrate Judge recommends that the motion to dismiss be GRANTED and that this case be DISMISSED with prejudice for failure to allege activity, which occurred within the statute of limitations.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** this 24th day of September, 2013.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge