UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BARNEY PERRY,                        )
                                     )
       Plaintiff,                    )
                                     )    No. 3:13-cv-227
v.                                   )
                                     )    Judge Sharp
ATV MUSIC, INC. LTD., et al.,        )
                                     )
       Defendants.                   )

## ORDER

Pending before the Court is Magistrate Judge Brown's Report and Recommendation (R & R) (Docket No. 39) recommending that the Court grant Defendants' motion to dismiss Plaintiff's complaint (Docket No. 36). Plaintiff's complaint alleges copyright ownership of the songs "Walking in Rhythm" and "A Hot Day Today." It further asserts that Defendants have not established their legal use of Plaintiff's copyright property and have refused to pay Plaintiff according to his requests.

The R & R provides in relevant part:

> The Defendants in their memorandum note that the Plaintiff has not alleged that any of the copyright infringement occurred within the three-year statute of limitations set by 17 U.S.C. § 507(b). The Defendants in their motion have set forth the procedural history of the case, which began on March 14, 2013, when the Plaintiff and Perryal Music Company, Inc. filed the original complaint (Docket Entry 1).
> * * *
> The Defendants are correct that under the Copyright Act no civil action shall be maintained under the provisions of that act unless it is commenced within three years after the claim accrued. 17 U.S.C. § 507(b). They argue the Plaintiff has asserted no facts that allege any activities that were within the three years prior to Plaintiff brining this lawsuit.
> The Magistrate Judge has reviewed the complaint and must agree that there is no specific allegation of infringement within the three years. The

1

> materials that Plaintiff has attached to his complaint date back to the 1970s and many of the documents involve lawsuits filed in 1996 and 1997. It does appear that the most recent document, other than a letter Plaintiff sent to counsel for a defendant in another case, is from 2001 (Docket Entry 32-1, p. 8). None of the documents appear to name Sony/ATV Music Publishing on Mr. Smarr.
>
> The Plaintiff, in view of the motion to dismiss under Rule 15, had a right to amend his complaint within 21 days to attempt to correct the alleged statute of limitations deficiencies. Unfortunately, the Plaintiff failed to amend his complaint to make specific allegations of acts within the statute of limitations, or to even respond to the motion.
>
> * * *
>
> The statute of limitations is an affirmative defense and the mere fact that the Plaintiff failed to adequately allege activity within the statute of limitations in his amended complaint would not be fatal in the absence of a motion to dismiss on those grounds. Unfortunately for the Plaintiff's case there is a specific allegation of a failure to meet the statute of limitations and the Plaintiff has failed to either further amend his complaint or to respond.

(Docket No. 39 at 2, 3–5). As a result, the Magistrate Judge recommended that the Court grant Defendants' motion and dismiss Plaintiff's complaint with prejudice.

Plaintiff filed objections to the R & R (Docket No. 49). With respect to the statute-of-limitations issue on which the Magistrate Judge based the R & R, Plaintiff protests:

> 18.) THE STATUTE OF LIMITATIONS: should be tolled because over a period of several years, the PLAINTIFF made consistant [sic] efforts to correspond with the DEFENDANTS.
>
> The STATUTE OF LIMITATIONS should be disallowed and waived because the DEFENDANTS refused to answer the PLAINTIFF'S numerous correspondences. The DEFENDANTS were fully aware of their professional duty to respond to the PLAINTIFF'S correspondence requests.

(Docket No. 49 at 2).

Plaintiff's objections are meritless. Plaintiff's attempts to correspond with Defendants over an undefined "period of several years" do nothing to cure the fact that Plaintiff has not specifically alleged infringement within the three-year limitations period. Nor are Plaintiff's

2

correspondence attempts grounds to toll this statutory limitations period. Plaintiff cites no contrary authority and fashions no argument to otherwise support his claim.

Having thoroughly reviewed the record in this case and the applicable law in accordance with Federal Rule of Civil Procedure Rule 72(b), the Court will adopt the R & R and accept the recommended disposition of the pending dismissal motion.

The Court next considers Plaintiff's other pending motions. The Court will deny Plaintiff's motion to amend his complaint (Docket No. 45). This motion is out of time, *see* Fed. R. Civ. P. 15(a)(1). On top of that, the proposed amended complaint fails to address the limitations-period problem. As a result, granting Plaintiff's motion to amend would be futile.

In light of the Court's adoption of the R & R and its dismissal of Plaintiff's complaint, the Court will also deny as moot Plaintiff's three additional motions. These include a motion for judgment against Defendants (Docket No. 57), a motion for a court order "Demanding The Defendants To Pay Damages To The Plaintiff" (Docket No. 60), and a motion for a court order "To Enforce the Plaintiff's Re[s]cissions" (Docket No. 61).

Having considered all of Plaintiff's arguments, the Court rules as follows:

(1) The Report and Recommendation (Docket No. 39) is ACCEPTED and APPROVED;

(2) Defendants' motion to dismiss (Docket No. 36) is GRANTED;

(3) Plaintiff's motion to amend the complaint (Docket No. 45) is DENIED;

(4) Plaintiff's motion for judgment against Defendants (Docket No. 57) is DENIED AS MOOT;

(5) Plaintiff's motion for a court order "Demanding The Defendants To Pay Damages To The Plaintiff" (Docket No. 60) is DENIED AS MOOT;

(6) Plaintiff's motion for a court order "To Enforce the Plaintiff's Re[s]cissions" (Docket No. 61) is DENIED AS MOOT;

(7) This case is DISMISSED WITH PREJUDICE.

The Clerk of the Court shall prepare and enter a final judgment in accordance with Rule 58 of the Federal Rules of Civil Procedure.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE